IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Wuhan Qinglu E-Commerce Co., Ltd, <br><br> PLAINTIFF, <br><br> v. <br><br> INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS ON SCHEDULE "A,", <br><br> DEFENDANTS. | Case No. 23cv2211 |

**COMPLAINT**

Plaintiff, Wuhan Qinglu E-Commerce Co., Ltd. ("Plaintiff"), by and through Getech Law LLC, files this complaint against the Defendants, the Individuals, Partnerships, and Unincorporated Associations on Schedule A ("Defendants"), and states as follows:

**PARTIES**

1. Plaintiff, Wuhan Qinglu E-Commerce Co., Ltd., is a China limited company, with a principal place of business at Wuhan, Hubei, China.

2. On information and belief, Defendants are individuals and entities who sell and/or offer to sell infringing products through various "storefronts" via online retail websites accepting US Dollars.

3. At present, Defendants can only be identified through their storefronts and other limited publicly available information. Plaintiff will voluntarily amend its Complaint as needed if Defendants provide additional credible information regarding their identities.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1051 et eq. and 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arises under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the Defendants have committed the acts as described herein within this judicial district.

6. Upon information and belief, the Defendants are subject to this Court's specific and general jurisdiction due to at least their substantial business in the forum, this business includes: (i) at least a portion of the acts complained; (ii) regularly conducting or soliciting business, and/or deriving substantial revenue from goods and services provided to individuals in Illinois and in this Judicial District; and (iii) directly targeting consumers in the United States, including Illinois, through Internet stores, including selling, offering for sale, and shipping counterfeit goods, including specifically selling the counterfeit goods ordered on Plaintiff's behalf to a resident of this District.

## BACKGROUND

7. The [REDACTED] brand is high-volume brand serving a cultivated market, and considerable resources marketing and protecting the brand has been spent since 2019.

8. This [REDACTED] mainly sells [REDACTED] products. The brand has sales and promotions on major e-commerce websites: Amazon, AliExpress, etc. In addition, it has also

carried out publicity and promotion on social platforms such as Facebook, YouTube, TikTok, and Instagram, and has established cooperative relations with major internet celebrities. It has a large number of fans of [REDACTED], and lightsaber consumers also have a high recognition of [REDACTED].

9. [REDACTED]

10. [REDACTED]

11. Plaintiff spent substantial efforts developing and promoting the [REDACTED] Brand, continuously improving the quality, actively carrying out technological transformation and innovation work, and improving after-sales service. Now the [REDACTED] Brand has strong competitiveness, and is highly recognizable in its market.

12. Plaintiff files this action to stop online counterfeiters from injuring Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's [REDACTED] Brand.

13. The [REDACTED] Brand is distinctive and identify the merchandise as goods from the Plaintiff. [REDACTED]

14. The Defendants have created online seller accounts and designed it to appear to be selling genuine Plaintiff products, while selling counterfeit versions of Plaintiff's products.

15. Defendants are entities and/or individuals who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces. Defendants target the United States, including Illinois, and have offered to sell and, on evidence,

has sold and continues to sell counterfeit [REDACTED] Brand products to consumers within the United States, including Illinois and in this Judicial District.

16. The success of the [REDACTED] Brand has resulted in its counterfeiting. The Plaintiff has identified various products online, including from the Defendants as presented, which were offered for sale, and import. Defendants counterfeit [REDACTED] Brand products and offer them to consumers in this Judicial District and throughout the United States.

17. Plaintiff has not licensed or authorized any third-part, Defendants included, to use its [REDACTED] Brand, and the Defendants are not an authorized retailers of genuine [REDACTED] Brand products.

18. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other online counterfeiting cases use a variety of methods to evade enforcement efforts including simply registering new online marketplace accounts once they receive notice of a lawsuit and operating multiple credit card merchant accounts to evade collection efforts by Plaintiffs armed with enforceable judgments. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their online money accounts, to off-shore bank accounts outside the jurisdiction of this Court.

19. Defendants, without any authorization or license from Plaintiff, has knowingly and willfully used and continues to use the [REDACTED] Brand in connection with the distribution, offering for sale, and sale of counterfeit [REDACTED] Brand products into the United States and Illinois over the Internet. Defendants' seller account shipped counterfeit products to the United States, and has in fact sold or offered for sale the products during the course of Plaintiff's preliminary investigations.

20. Defendants sell counterfeit [REDACTED] products and branding in the United States and Illinois over the Internet through individual online stores and eBay.com. The infringing products offered by Defendants vary in color and minor design flourishes, but are all using counterfeit [REDACTED] branding. Representative images of some of the infringing and counterfeit products are provided below:

[REDACTED]

21. Defendants' use of the [REDACTED] Brand trademark in connection with the distribution, offering for sale, and sale of counterfeit [REDACTED] Brand products, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

22. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 21.

23. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the registered [REDACTED] Brand in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The [REDACTED] Brand is distinctive, registered mark.

24. Defendants have sold, offered to sell, marketed, distributed, and advertised products in connection with the [REDACTED] Brand without Plaintiff's permission.

25. Plaintiff is the exclusive owner of the [REDACTED] Brand. The United States Registration for the [REDACTED] Brand trademark (Exhibit A) is in full force and effect. Upon information and belief, Defendants have knowledge of Plaintiff's rights in the [REDACTED]

Brand and are willfully infringing and intentionally using counterfeits of the [REDACTED] Brand. Defendants' willful, intentional and unauthorized use of the [REDACTED] Brand is likely to cause and is causing confusion, mistake, and deception as to the origin of the counterfeit goods.

26. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

27. Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill associated with the [REDACTED] Brand.

28. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit [REDACTED] Brand.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

29. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 28.

30. Defendants' promotion, marketing, offering for sale, and sale of counterfeit [REDACTED] Brand products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' counterfeit [REDACTED] Brand products by Plaintiff.

31. By using the [REDACTED] Brand in connection with the sale of counterfeit [REDACTED] Brand products, Defendants create a false designation of origin and a misleading

representation of fact as to the origin and sponsorship of the counterfeit [REDACTED] Brand products.

32. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit [REDACTED] Brand products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

33. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of the [REDACTED] Brand.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS § 510, et seq.)

34. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 33.

35. Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their counterfeit [REDACTED] Brand products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine [REDACTED] Brand products, representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

36. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

37. Plaintiff has no adequate remedy at law, and Defendants' conducts have caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That Defendants and their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily preliminarily, and permanently enjoined and restrained from:

    a. using the [REDACTED] Brand or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine [REDACTED] Brand product or is not authorized by Plaintiff to be sold in connection with the [REDACTED] Brand trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine [REDACTED] Brand product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the [REDACTED] Brand;

    c. further infringing the [REDACTED] Brand and damaging Plaintiff's goodwill;

    d. otherwise competing unfairly with Plaintiff in any manner;

    e. shipping, delivering, manufacturing, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any Plaintiff trademark, including the [REDACTED] Brand trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof;

    f. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts or websites, or any other online marketplace account or website that is being used to sell or is the means by which Defendant could continue to sell counterfeit [REDACTED] Brand products; and

2. That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1, a through f, above;

3. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces and any related entities, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall:

    a. disable and cease providing services for any accounts through which Defendant engages in the sale of counterfeit [REDACTED] Brand products using the [REDACTED] Brand;

    b. disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of counterfeit [REDACTED] Brand products using the [REDACTED] Brand; and

4. That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the [REDACTED] Brand be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

5. In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the [REDACTED] Brand;

6. That Plaintiff be awarded its reasonable attorneys' fees and costs; and

7. Award any and all other relief that this Court deems just and proper.

DATED April 8, 2023                                               Respectfully submitted,

/s/ Ge (Linda) Lei
Ge (Linda) Lei
203 N. LaSalle St., Suite 2100
Chicago, IL 60601
Attorney No. 6313341
Linda.lei@getechlaw.com
312-888-6633

*ATTORNEY FOR PLAINTIFF*